**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ROBERT WILHELM, <br><br> Plaintiff, <br><br> vs. <br><br> LIMELIGHT NETWORKS, INC., WALTER D. AMARAL, SCOTT A. GENEREUX, PATRICIA PARRA HADDEN, DOUG BEWSHER, MARC DEBEVOISE, ROBERT LYONS, JEFFREY T. FISHER, and DAVID C. PETERSCHMIDT, <br><br> Defendants. | ) Case No. <br> ) <br> ) <br> ) <br> ) **COMPLAINT FOR VIOLATIONS** <br> ) **OF THE FEDERAL SECURITIES** <br> ) **LAWS** <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff Robert Wilhelm Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.     Plaintiff brings this action against Limelight Networks, Inc. ("Limelight" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a)(4), and 78t(a).  By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which Limelight will acquire Edgecast Inc. ("Edgecast"), a wholly owned subsidiary of College Parent, L.P (the "Proposed Transaction").[1]

2.     On March 6, 2022, Limelight entered into an Agreement and Plan of Merger with College Parent (the "Merger Agreement").  Under the terms of the Merger Agreement, Limelight

---

[1] College Parent is owned by funds managed by affiliates of Apollo Global Management, Inc. (together with its consolidated subsidiaries, "Apollo"), Verizon Communications Inc. ("Verizon") and other certain co-investors.

will acquire all of the outstanding shares of Edgecast.  In connection with the Proposed Transaction,

Limelight expects to issue approximately 71.9 million shares of Limelight common stock to either

College Parent or a designated subsidiary of College Parent (the "Share Issuance"), who would own

between 35% and 39% of the combined company on a fully diluted basis if the Proposed Transaction

is completed.  As a NASDAQ listed company, Limelight is required by NASDAQ listing rules to

secure shareholder approval before issuing 20% or more of its outstanding common stock.  Thus, the

Proposed Transaction is contingent upon Limelight shareholders voting to approve the proposed

Share Issuance.

3. On May 4, 2022, the Board authorized the filing of the materially incomplete and

misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.

Specifically, the Proxy Statement, which recommends that Limelight stockholders vote their shares

in favor of the Share Issuance and Proposed Transaction, contains materially incomplete and

misleading information concerning, among other things: (a) the financial analyses that support the

fairness opinion provided by the Company's financial advisor, Goldman Sachs & Co. LLC

("Goldman"); and (b) potential conflicts of interest faced by Goldman.   Defendants authorized the

issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the

Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is

disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can

properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants

from taking any steps to consummate the Proposed Transaction unless and until the material

information discussed below is disclosed to the Company's stockholders or, in the event the Proposed

Transaction is consummated, to recover damages resulting from the defendants' violations of the

Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, a stockholder of Limelight.

10.     Defendant Limelight is a Delaware corporation with its principal executive offices located at 2220 W. 14th Street, Tempe, Arizona 85281.  Limelight's shares trade on the Nasdaq Global Select Market under the ticker symbol "LLNW."

11.     Defendant Walter D. Amaral has been a director of the Company at all relevant times.

12.     Defendant Scott A. Genereux has been a director of the Company at all relevant times.

13.     Defendant Patricia Parra Hadden has been a director of the Company at all relevant times.

14.     Defendant Doug Bewsher has been a director of the Company at all relevant times.

15.     Defendant Marc DeBevoise has been a director of the Company at all relevant times.

16.     Defendant Robert Lyons has been President, Chief Executive Officer, and a director of the Company at all relevant times.

17.     Defendant Jeffrey T. Fisher has been a director of the Company at all relevant times.

18.     Defendant David C. Peterschmidt has been Chairman of the Board and a director of the Company at all relevant times.

19.     Defendants identified in paragraphs 11-19 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20.     On March 7, 2022, Limelight announced in relevant part:

SCOTTSDALE, Ariz. and NEW YORK, March 7, 2022 -- Limelight Networks, Inc. (Nasdaq: LLNW) ("Limelight"), a leading provider of edge enabled web applications and content delivery solutions, today announced that it has entered into a definitive agreement to acquire Yahoo's Edgecast, Inc. ("Edgecast"), a leading provider of edge security, content delivery and video services, in an all-stock transaction. The transaction values Edgecast at approximately $300 million, or about 1x 2021 revenue. Edgecast is a business unit of Yahoo, which is owned by funds managed by affiliates of Apollo (NYSE: APO) (the "Apollo Funds") and Verizon Communications (NYSE: VZ). Yahoo will receive approximately 72.2 million shares of Limelight common stock, subject to customary closing adjustments, and will own approximately 31.9% of the combined company at closing.

The combination will create a globally scaled, edge enabled software solutions provider with pro forma 2021 revenue of more than $500 million across cloud security and web applications, content delivery and edge video platform. In anticipation of the transaction, Limelight will rebrand as Edgio, with the combined company continuing to operate as Edgio following close. With global scale, a leading distributed edge platform and increased focus on security and connectivity, Edgio will be a leading solutions provider of choice for outcome-oriented businesses and clients looking to deliver a fast, secure and frictionless digital experience to end-users.

**Compelling Strategic Rationale and Financial Benefits**

- **Expands Scale and Strengthens Platform to Better Deliver Blue-Chip Customer Performance, Productivity and Protection Through Edge Computing Solutions**: The combined company will be a leading global, edge enabled solutions provider with a global network capacity of more than 200 Tbps and more than 300 PoPs coupled with natively integrated cloud

4

security, edge video platform and web applications to power the next generation of customer needs. Limelight and Edgecast's current combined, diversified customer base includes Fortune 100 clients, as well as some of the world's leading technology companies, streaming services and most visited websites, including Amazon, Coach, Disney, First Republic Bank, HBO Max, Hulu, Yahoo, British Telecom, Verizon, Microsoft, Peacock, Sony, TikTok and Twitter.

- **Accelerates Penetration of High Growth $40 Billion Total Addressable Market (TAM)**: The transaction is expected to accelerate Limelight's ability to serve its total addressable market of approximately $40 billion, through expanded capabilities, portfolio targets and new opportunities across OTT video, cloud security and enterprise secure access, in addition to existing content delivery and web applications solutions.

- **Diversifies Revenue Mix and Strengthens Financial Profile**: On a combined basis, the two companies generated $502 million in revenue in 2021. Edgecast generated $285 million in revenue in 2021, of which approximately 97% was recurring revenue from a highly complementary customer base with little Limelight overlap and nearly half coming from high-growth, high-margin products. The combination is expected to more than double Limelight's annual revenue, expand gross margin, increase recurring revenue growth and further diversify revenue among key clients.

- **Creates Robust $100 Million Web Applications Solution with Expanded Security Capabilities**: Edgecast's multi-layered cloud security platform will significantly enhance the scale of Limelight's web applications division with projected revenue of more than $100 million. These solutions will provide a holistic cloud platform for web apps and APIs that increase performance of digital assets, accelerate application usage, provide robust protection and enhance developer productivity and capability.

- **Substantial and Immediately Accretive Cost Synergy Opportunities**: The transaction price of $300 million implies an acquisition multiple of approximately 1x Edgecast's 2021 revenue. The combined company expects annual run-rate cost synergies of $50 million including approximately $30-35 million from reduced colocation and internet peering expense, and approximately $15-20 million of operating expense savings. Based on the expected revenue and expense synergies, Limelight has established a long-term strategic target with revenue growth rate of 20-25%, gross margin of 60%+ and adjusted EBITDA margin of 15-20%.

- **Adds Support from Apollo to Position for Growth**: With support from the Apollo Funds, and alignment with all shareholders, the combined company will be positioned to unlock significant growth opportunities in an attractive sector and capitalize on market trends. The all-stock nature of the deal represents a strong belief by Apollo in the combined company's go-forward strategy and future as a global leader in edge enabled software solutions.

"By uniting Limelight and Edgecast, we are building a powerful application, content and video edge enabled solutions company that delivers improved customer performance, productivity and security for the outcome buyer," said Bob Lyons, Chief Executive Officer of Limelight. "Together we have a strong value proposition to serve

the fast-growing, yet fragmented edge solutions market and our combined capabilities will accelerate our ability to capture more share of this high growth $40 billion total TAM. In six short months we have taken our TAM from $12 billion to $40 billion and with the acquisition of Edgecast, we are further accelerating and solidifying our ability to be recognized as a leader in edge software solutions for the outcome buyer."

"At Yahoo, we are focused on driving value creation for our business and customers," said Jim Lanzone, CEO of Yahoo. "By spinning off Edgecast to merge with Limelight, the new company will immediately become the leader in the massive and growing edge solutions market. I am confident in the value and strength of this combined company, and the growth it will drive for Yahoo, Edgio and Apollo."

With a significant equity investment in the combined company from its existing ownership of Yahoo, the Apollo Funds are committed to supporting the growth strategy and innovative vision for the combined company. In addition, the all-stock nature of the proposed transaction reflects the Apollo Funds' confidence in continued momentum in the edge enabled technology revolution and support of the vision for the combined company to become an edge computing leader with a scaled solutions platform, deeply experienced management team and commitment to delivering performance, connectivity and security to clients and end-users globally.

"Ever-increasing consumer demand for faster performance, enhanced security and higher-quality digital content has fundamentally changed how and where companies deliver value online to end users," said Apollo Partner Reed Rayman, who will join the combined company's Board of Directors. "As the market continues to rapidly evolve and expand, the combination of Limelight and Edgecast will have greater strength and scale to capitalize on these trends and better serve its clients. We believe this is a transformative transaction and are thrilled to back this management team as shareholders and board members to support Edgio in its exciting next phase."

**Transaction Details**

Under the terms of the agreement, Yahoo will initially receive approximately 72.2 million shares of Limelight common stock, subject to customary closing adjustments, valuing Edgecast at approximately $300 million based on the 30-day trailing VWAP of $4.12. The purchase price also includes a $30 million investment in the combined company by Apollo and their co-investors, through their ownership of Yahoo. Yahoo can also receive up to an additional 12.7 million shares of Limelight, representing up to an additional $100 million in deal consideration, over the period ending on the third anniversary of the closing of the transaction, subject to the achievement of certain share-price targets. Upon closing of the transaction, current Limelight stockholders will own approximately 68.1% of the combined company, or approximately 64.5% under the assumption that Limelight achieves all share price targets under the conditional consideration agreement, while Yahoo will own approximately 31.9% or 35.5%, respectively.

The transaction, which has been unanimously approved by the Board of Directors of both companies, is currently expected to close in the second half of 2022, subject to

receipt of regulatory approvals and the satisfaction of other customary closing conditions.

### Leadership and Governance

In anticipation of the transaction, Limelight will rebrand as Edgio, with the combined company continuing to operate as Edgio following close. Mr. Lyons will continue to lead Edgio as CEO after the combination, and its Board of Directors, which will expand to nine members post-closing, will include three new members appointed by the Apollo Funds. The new Board will be more closely aligned to Edgio's go-forward strategy and work closely with Mr. Lyons and the Edgio management team to leverage their combined skills and experience to enhance shareholder value.

## The Proxy Statement Contains Material Misstatements or Omissions

21.     Defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Limelight's stockholders.  The Proxy Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed voting or appraisal decision on the Proposed Transaction.

22.     Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Goldman Sachs & Co. LLC ("Goldman"); and (b) potential conflicts of interest faced by Company insiders.

### Material Omissions Concerning the Financial Analyses Relied on by the Board

23.     The Proxy Statement omits material information regarding the data and inputs underlying the valuation analyses performed by Goldman.

24.     The Proxy Statement describes Goldman's fairness opinion and the various underlying valuation analyses.  Those descriptions, however, omits key inputs and assumptions forming the bases of these analyses.  The absence of this material information precludes the Company's public stockholders from fully understanding Goldman's work.  As a result, Limelight stockholders cannot assess what significance to place on Goldman's fairness opinion in determining whether to approve

7

the Proposed Transaction or otherwise act.

25.     With respect to Goldman's *Illustrative Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (a) Limelight's net operating losses ("NOLs") for the years 2022 through 2028; (b) Limelight's Adjusted EBITDA for the terminal year; (c) the terminal values for Limelight; and (d) the inputs and assumptions underlying the discount rate range of 8.5% to 10.0% for Limelight and 9.25% for the NOLs.

26.     With respect to Goldman's *Illustrative Present Value of Future Share Price Analysis*, the Proxy Statement fails to disclose: (a) quantification of the inputs and assumptions underlying the discount rate of 9.3% used in the analysis; and (b) the number of fully diluted shares of Limelight at the end of each of fiscal years 2023 to 2025.

*Material Omissions Concerning Potential Conflicts*

27.     The Proxy Statement also fails to disclose material information concerning potential conflicts and the background of the Proposed Transaction.  For example, the Proxy Statement sets forth, "The engagement letter between Limelight and Goldman Sachs provides for a transaction fee of $6,000,000 plus a discretionary amount of up to $4,000,000, $750,000 of which transaction fee became payable at announcement of the transaction, and the remainder of which is contingent upon consummation of the transaction."  Proxy Statement at 63.  The Proxy Statement, however, fails to disclose: (a) the criteria Goldman needs to satisfy to receive the $4,000,000 discretionary fee; and (b) whether the Company anticipates paying Goldman the discretionary fee.

28.     Additionally, the Proxy Statement fails to disclose the amount of compensation Goldman has received from each of Limelight, Apollo and Verizon for the services it has performed for each of these companies and/or their affiliates in the two years preceding the date of Goldman's fairness opinion.  *See id.* at 63; B-1-B-2.

29.     In sum, the omission of the above-referenced information renders statements in the "Opinion of Limelight's Financial Advisor" section of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other Limelight stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**<u>COUNT I</u>**

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Limelight**

30.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

31.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Limelight is liable as the issuer of these statements.

32.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.\

33.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

34.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly

9

altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

35.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

36.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

37.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims Against the Individual Defendants for
### Violation of Section 20(a) of the Exchange Act

38.     Plaintiff repeats all previous allegations as if set forth in full.

39.     The Individual Defendants acted as controlling persons of Limelight within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of Limelight and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

40.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

41.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had

the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy Statement -9 at issue contains the unanimous Proxy of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of this document.

43.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

43.     By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Limelight, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Limelight stockholders;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Declaring that defendants violated Sections 14(d), 14(e) and/or 20(a) of the Exchange Act;

D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  May 20, 2022                                   **LONG LAW, LLC**

                                   By   */s/ Brian D. Long*
                                        Brian D. Long (#4347)
                                        3828 Kennett Pike, Suite 208
                                        Wilmington, DE 19807
                                        Telephone: (302) 729-9100
                                        Email: BDLong@longlawde.com

                                        *Attorneys for Plaintiff*

12